12 CV 8066

KIM E. RICHMAN
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, NY 10001
krichman@reeserichman.com
212-643-0500 (telephone)
212-253-4272 (facsimile)

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CARLOS NUNEZ,

        Plaintiff,

  -against-

THE CITY OF NEW YORK, P.O. KEVIN
MARTIN and P.O. "JOHN DOE" (said name
being fictitious, as the true name is presently
unknown), Individually and in Their Official
Capacities,

        Defendants.
-------------------------------------------------------X

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**

Plaintiff Carlos Nunez ("Mr. Nunez" or "Plaintiff") by his attorney, Kim E. Richman, complaining of the defendants, based upon information and belief, respectfully alleges as follows:

## PRELIMINARY STATEMENT

Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants The City Of New York, P.O. Kevin Martin and P.O. "John Doe" (said name being fictitious, as the true name is presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in

1

violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions, and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Mr. Nunez's constitutional and civil rights.

3. Mr. Nunez further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiff was and is a resident of Bronx County located in the Southern District of New York, and his primary residence was and is 2082 Crotona Pkwy, Apt. 5B, Bronx, NY 10460.

7. At all times relevant hereto, Defendant the City of New York ("NYC") was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. At all times relevant to this action, Defendants P.O. Kevin Martin and P.O. "John Doe" (said name being fictitious, as the true name is presently unknown) were and are police officers employed by the New York City Police Department ("NYPD") and acting under color of state law, (collectively, with Defendant NYC, "Defendants").

9. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

11. On Thursday, October 20, 2011, at approximately 11:30 am, Mr. Nunez was falsely arrested in the vestibule of his uncle's building at 1768 Weeks Avenue, Bronx, NY, located across the street from Mr. Nunez's childhood home at 1773 Weeks Avenue, 2nd floor, Bronx, NY, where his parents continue to reside.

12. Earlier that morning, Mr. Nunez had come to visit his uncle located at 1768 Weeks Avenue, #54, Bronx, NY. At approximately 11:30 am, Mr. Nunez left his uncle's apartment, intending to head to work.

3

13. Mr. Nunez was licensed as a security guard by the State of New York and was employed as Supervisor of Security Guards at Guaranteed Security Enterprise, where he supervised 17 buildings and 60 staff. On October 20, 2011, his shift was to begin at 1:00 pm.

14. As Mr. Nunez came down the stairs and exited the vestibule in his uncle's building, he observed through the window of the front door Defendants P.O. Kevin Martin and P.O. "John Doe" exit a burgundy Chevy Impala, which Mr. Nunez recognized as an undercover NYPD vehicle. Defendant P.O. Kevin Martin was wearing a NYPD badge, and P.O. "John Doe" was wearing a bulletproof vest, and Mr. Nunez recognized Defendants as plainclothes police officers.

15. Mr. Nunez observed Defendants rush towards the front entrance from which Mr. Nunez was exiting.

16. As Mr. Nunez unlocked and opened the front door, intending to exit onto the street, Defendant P.O. Kevin Martin grabbed Mr. Nunez and violently slammed him face forward up against the vestibule wall, causing intense pain and trauma to his right knee.

17. Mr. Nunez was falsely accused of smoking marijuana upon being apprehended, despite his protestation to the contrary, and Defendants P.O. Kevin Martin and P.O. "John Doe" conducted a search of his person and book-bag.

18. Mr. Nunez explained he was employed as a security guard and subject to random monthly drug tests.

19. Mr. Nunez further explained further that he had a security guard badge in his wallet. When Defendant P.O. Kevin Martin came across Mr. Nunez's badge, the officer stated, "You probably use this [badge] to rob people."

20. Defendants' search of Mr. Nunez's person and book-bag revealed no illicit substances or paraphernalia. Nevertheless, Defendant P.O. Kevin Martin ordered P.O. "John Doe" to arrest Mr. Nunez.

21. As Defendants put Mr. Nunez into their burgundy Chevy Impala, Mr. Nunez observed his father across the street walking out of his home and coming towards the officers to plead for his son's innocence yet to no avail.

22. Defendants brought Plaintiff Carlos Nunez into custody at the 46th Precinct of the NYPD, whereupon Defendant P.O. Kevin Martin strip searched Mr. Nunez and ordered him to squat in a small, unhygienic room that was partially flooded. During the strip search, Defendant P.O. Kevin Martin did not shut the door, leaving Mr. Nunez in plain view of passersby for the duration of the strip search.

23. Defendants' strip search of Plaintiff Carlos Nunez also revealed no illicit substances or paraphernalia.

24. Despite the lack of probable cause for his arrest and the absence of any contraband following multiple searches of Mr. Nunez's person, Defendants held Mr. Nunez at the 46th Precinct station until the following evening, Friday, October 21, 2011, when he was transferred to Central Bookings and charged with the following: PL § 221.10.01 Criminal Possession of Marihuana and PL § 221.05.00 Unlawful Possession of Marihuana.

25. At approximately 10:00 am, on Saturday, October 22, 2011, Plaintiff Carlos Nunez was arraigned, nearly two (2) days following his false arrest.

26. On Monday, October 24, 2012, the first business day following his release from custody, Plaintiff Carlos Nunez took a drug test at East Tremont Medical Center, 930 East Tremont Avenue, Bronx, NY. The Drug Profile on nine (9) tests were all returned "Negative."

27. As a result of his unlawful arrest, Plaintiff Carlos Nunez missed 3 days of work. During this time, Mr. Nunez was not permitted to make a phone call to notify his employer of his detainment.

28. In addition to requiring monthly drug tests, Mr. Nunez's position as Supervisor of Security Guards required him to work 50 to 70 hours per week. Mr. Nunez supervised approximately 60 staff at 17 buildings across New York City, and in his position, Mr. Nunez relied heavily on use of his car.

29. On Sunday, October 23, 2012, the day following his release, Mr. Nunez traveled to the 46th Precinct where he was initially detained to redeem his confiscated property, including his wallet, driver license, telephone and book-bag. Mr. Nunez sought and received permission from his employer to miss a portion of his workday for this trip.

30. At the 46th Precinct, Mr. Nunez was told that the Desk Officer was not in and was instructed to return the following day.

31. On Monday, October 24, 2012, Mr. Nunez sought and received permission of his employer to be excused and traveled back to the 46th Precinct. The Desk Officer at the 46th Precinct in charge of vouchers informed Mr. Nunez that his property had been transferred to Central Bookings and could be redeemed there.

6

32. Next, Mr. Nunez traveled to Central Bookings and redeemed all of his confiscated property. However, Mr. Nunez observed that his wallet was now missing his driver's license. Upon inquiry, Mr. Nunez was redirected back to the 46th Precinct.

33. Plaintiff Carlos Nunez's driver's license was indispensable to his employment as Supervisor of Security Guards at 17 different sites throughout New York City as driving was a daily part of his job. Mr. Nunez immediately traveled back to the 46th Precinct as directed.

34. At the 46th Precinct, Mr. Nunez was told by the Desk Officer handling vouchers that Defendant P.O. Kevin Martin must have forget to put it back into Mr. Nunez's wallet. The Desk Officer stated that she would ask Defendant P.O. Kevin Martin to leave the driver's license with her and directed Mr. Nunez to return to the Precinct the following day to recover it.

35. The following day, on Tuesday, October 25, 2012, Mr. Nunez sought and received permission of his employer to be excused from work and traveled to 46th Precinct. Mr. Nunez was told by the Desk Officer handling vouchers that Defendant P.O. Kevin Martin had neglected to leave Mr. Nunez's driver's license with her and directed Mr. Nunez to return to the Precinct the following day to recover it.

36. Seeking to recover his driver's license which he needed for work, Mr. Nunez continued to return to 46th Precinct every day from Wednesday October 26 until Friday, October 28, 2011, but each time the driver's license was not produced, and each day Mr. Nunez was instructed to return the following day to recover it. For each of these visits, Mr. Nunez had to request time off of work.

37. On Monday, October 31, 2011, Plaintiff Carlos Nunez abandoned these efforts to recover his driver's license, opting instead to apply for a new one at the Department of Motor Vehicles ("DMV"). Mr. Nunez was again forced to request time off of work from his employer. Three (3) weeks after his application, Mr. Nunez finally received a new driver's license in the mail.

38. Plaintiff Carlos Nunez's three (3) day absence from work during his unlawful arrest, during which he was not allowed to call his employer to notify him of the situation, significantly strained Mr. Nunez's relationship with his employer and damaged his image at work. The additional 6 absences due to Mr. Nunez's fruitless attempts to procure his driver's license back from the NYPD, further compromised his relationship with his employer.

39. Mr. Nunez's hearing for the arrest at issue was scheduled for Thursday, January 12, 2012. Mr. Nunez was again forced to request to be excused from work to attend the hearing. Mr. Nunez's employer expressed disappointment with the amount of time that Mr. Nunez's criminal case was taking away from his work, which typically demanded over 50 hours a week.

40. At his Thursday, January 12, 2012 hearing before the Bronx County Supreme Court, Mr. Nunez provided to the Assistant District Attorney documentation of the negative results of the drug test administered shortly after his arrest. Despite this, his case was adjourned.

41. Two (2) days later, on Saturday, January 14, 2012, Plaintiff Carlos Nunez's employment was terminated. Mr. Nunez's employer had stated that Mr. Nunez was being placed on "leave" pending the resolution of his criminal case.

42. On Thursday, March 8, 2012, all charges against Mr. Nunez were dismissed by the Hon. Judge Gross.

43. However, once his criminal case was resolved, Mr. Nunez's request to return to his position was denied by the employer because another person was in the position by that time.

44. As a result of Defendant P.O. Kevin Martin's use of excessive force, Plaintiff Carlos Nunez sustained injuries to his right knee. Presently, Mr. Nunez's injured right knee continues to cause pain.

45. As a result of his false arrest, Mr. Nunez was detained for a total of 46 hours, during which time he missed work and was not allowed to call his employer.

46. As a result of his false arrest and malicious prosecution, Mr. Nunez was terminated from his employment. Mr. Nunez was unable to secure another position for approximately two (2) months following his termination. At his current position, Mr. Nunez earns significantly less than he did as a Supervisor of Security Guards and no longer enjoys a managerial rank.

47. As a result of the of violation of his civil rights, Plaintiff Carlos Nunez was subject to the humiliation of being arrested, searched and led away in full public view in front of his community and family, resulting in damage to his esteem and reputation within the community. Mr. Nunez was further humiliated and traumatized by the multiple strip searches conducted by the Defendant officers.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

48. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

49. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

50. All of the aforementioned acts deprived Plaintiff Carlos Nunez of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

51. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

52. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

53. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of NYC, which is forbidden by the Constitution of the United States.

54. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States

Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

### SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

55. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

56. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

### THIRD CLAIM FOR RELIEF: EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

57. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

58. The degree of force used by Defendants was excessive, unreasonable and unwarranted and resulted in lasting pain and discomfort in Plaintiff's right knee.

59. Defendants' actions were intentional, willful, malicious, egregious, reckless, negligent and unprovoked.

60. As a result of the excessive force and brutality, Plaintiff sustained substantial pain, bruising and swelling about his face and body.

61. All of the aforementioned acts of Defendants constituted excessive force under the laws of the State of New York, and they are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### FOURTH CLAIM FOR RELIEF:
### FALSE ARREST UNDER 42 U.S.C. § 1983

62. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

63. As a result of Defendants' aforementioned conduct, Plaintiff Carlos Nunez was subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

64. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

65. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before his neighbors and peers. Plaintiff was discredited in the minds of many members of the community.

66. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## FIFTH CLAIM FOR RELIEF:
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

67. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

68. Defendants issued legal process to place Plaintiff under arrest.

69. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

70. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

## SIXTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

71. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

72. Defendants P.O. Kevin Martin and P.O. "John Doe" (said name being fictitious, as the true name is presently unknown) falsely arrested Plaintiff Carlos Nunez despite a complete lack of cause against him, notwithstanding their knowledge that said assault would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

73. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

74. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs,

policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

75. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

76. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff Carlos Nunez.

77. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff Carlos Nunez as alleged herein.

78. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff Carlos Nunez as alleged herein.

79. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff Carlos Nunez.

80. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

81. Defendant NYC, as municipal policymaker in the training and supervision of Defendants P.O. Kevin Martin and P.O. "John Doe", have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer

violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

82. All of the foregoing acts by Defendants deprived Plaintiff Carlos Nunez of federally protected rights, including, but not limited to, the right:

   a. Not to be deprived of liberty without due process of law;

   b. To be free from seizure and arrest not based upon probable cause;

   c. To be free from unlawful imprisonment;

   d. To be free from excessive force and infliction of emotional distress;

   e. Not to have cruel and unusual punishment imposed upon him; and

   f. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED: New York, New York
October 26, 2012

Respectfully submitted,

_/s/ K.S.R._

Kim E. Richman, Esq.
REESE RICHMAN LLP
875 Avenue of the Americas, 18th Floor
New York, NY 10001
(212) 643-0500 (telephone)
(212) 253-4272 (facsimile)

*Attorney for Plaintiff*